ORIGINAL

# In the United States Court of Federal Claims

No. 16-1487T

(Filed: May 18, 2017)

FILED

MAY 1 8 2017

U.S. COURT OF
FEDERAL CLAIMS

```
*******************************   *
                                  *
HAROLD-RAY STANLEY,               *
                                  *
              Plaintiff,          *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
*******************************   *
```

### DISMISSAL FOR FAILURE TO PROSECUTE

The Court, by its own motion, dismisses Mr. Stanley's complaint for failure to prosecute under Rule 41(b) of the Court of Federal Claims ("RCFC"). On March 7, 2017, the Government filed a motion to dismiss Mr. Stanley's complaint. Dkt. No. 7. Mr. Stanley failed to respond to the Government's motion by the Court's April 7, 2017 deadline. On May 8, 2017, the Court issued an order directing Mr. Stanley to respond to the Government's motion by May 15, 2017, including a statement explaining why the Court should not dismiss Mr. Stanley's complaint for failure to prosecute. Dkt. No. 8. In its order, the Court warned Mr. Stanley that failure to comply with the Court's order would result in dismissal of his complaint. Id. Mr. Stanley did not file a response on or before May 15, 2017.

RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Mr. Stanley failed to respond to the Government's motion to dismiss and to the

Court's show cause order. Dismissal is therefore not only appropriate, but required to maintain judicial efficiency and conserve court resources.

Accordingly, this case is DISMISSED, without prejudice, for failure to prosecute in accordance with Rule 41(b). The Clerk is directed to enter judgment for the Government.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge